# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RAFAEL ARIAS,<br><br>　　　　　Defendant. | 3:10-cr-0089-RCJ-VCP<br><br>**ORDER** |

On January 26, 2016, the Court denied Defendant Rafael Arias's motion for sentence reduction because his post-sentencing conduct indicated he continued to pose an ongoing threat to the public safety and his own welfare. (*See* ECF No. 164). Defendant moves the Court to reconsider its decision to deny a sentence reduction (ECF No. 165). For the reasons given herein, the Court grants the motion in part.

**I.    FACTS AND PROCEDURAL HISTORY**

On October 24, 2011, the Court sentenced Defendant to 220 months of imprisonment on Count 2 of the Second Superseding Indictment for distribution of a controlled substance. On December 9, 2015, Defendant and the Government filed a joint stipulation asking the Court to reduce Defendant's sentence to 173 months of imprisonment under 18 U.S.C. § 3582(c)(2) and Amendment 782 to U.S.S.G. § 1B1.10(d) (*see* ECF No. 163). The Probation Office

recommended denying the motion because Defendant's behavior while in custody indicates he would continue to pose a threat to the safety of the public and his own welfare if released.

The Court found that a sentence reduction was not appropriate because Defendant's disciplinary log indicates he has been disciplined for multiple infractions, including being absent from an assignment, using drugs and alcohol, refusing drug or alcohol tests, refusing to obey an order, and threatening bodily harm. The Court also relied on the Probation Office's conclusion and recommendation to deny a sentence reduction. In a footnote to the joint stipulation, the parties mentioned they were basing their stipulation and request on progress reports from the Bureau of Prisons which they could provide for the Court's review (Joint Stip., 4, n.1, ECF NO. 163), but they did not attach the reports to the stipulation. Defendant now moves the Court to reconsider its decision to deny his request for sentence reduction based on information in the progress reports and other arguments.

## II. LEGAL STANDARDS

While the Federal Rules of Criminal Procedure do not specifically allow motions for reconsideration in criminal cases, many courts have reconsidered decisions made in criminal cases. *United States v. Hector*, 368 F. Supp. 2d 1060, 1062–63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)). Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. See *Hector*, 368 F.Supp.2d at 1063.

Rule 60(b) provides that a court may relieve a party from the effect of a judgment or order "for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).

A district court has discretion in applying a sentence reduction based on a retroactive amendment to the U.S. Sentencing Guidelines. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009). "[I]n making its determination, the court 'shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment' and 'may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment.'" *United States v. Lightfoot*, 626 F.3d 1092, 1096 (quoting Chaney, 581 F.3d at 1126) (footnotes omitted). In Lightfoot itself, the Court of Appeals upheld a district court's denial of a sentence reduction based on a record showing "insolence to custodial staff, fighting, threatening a staff member, threatening bodily harm, and refusing to work." *Id.*

### III.   ANALYSIS

Defendant moves the Court to reconsider its decision to deny a sentence reduction under Rule 60(b). He presents the following facts and arguments for the Court to consider, among others:

- Defendant's criminal history involves only misdemeanor convictions, and he has no history of possessing or distributing controlled substances (Mot. 6–7);
- The offense did not involve violence and was "motivated by his significant need to get out of financial debt to pay his son's medical bills" (*id.*);
- "If sentenced today, Mr. Arias's advisory guideline range would be 151 to 188 months" (*id.* at 8);
- Defendant has not been disciplined in prison for assault or use of violence, and the majority of his infractions occurred in 2012 after an officer used pepper spray in his face, and at a time he was battling anxiety and depression (*id.* at 8–9);
- Defendant has not received sufficient substance abuse treatment (*id.* at 10);

- According to Defendant's case manager, he has not displayed violence since the 2012 incident and is on the track to rehabilitation (*id.* at 10–11);

- Defendant has earned his G.E.D., completed other coursework, and been employed (*id.* at 11);

- Defendant "has maintained contact with his mother, children, family members and friends while incarcerated and they will continue to support him upon his release" (*id.* at 12).

Defendant has shown some promise of rehabilitation by seeking education and other personal improvement; however, his progress report shows he received sanctions for drug/alcohol use as recently as October 27, 2015 and December 29, 2015. (Progress Report, 6, ECF No. 166). Because Defendant's recent conduct demonstrates a lack of serious effort to rehabilitate himself in regard to substance abuse, the Court will not reduce the sentence to 173 months. However, the Court does recognize Defendant's overall efforts to improve and, thus, uses its discretion to grant the motion partially by reducing the sentence from 220 months to 188 months.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 165) is GRANTED IN PART.

IT IS FURTHER ORDERED that Defendant's sentence shall be reduced from 220 months to 188 months.

IT IS SO ORDERED.

Dated this 29th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge